UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tyrone Goodrum, | ) | Criminal No.: 4:16-cr-00166-RBH-2 |
| | ) | Civil Action No.: 4:17-cv-03330-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner Tyrone Goodrum's ("Petitioner's") *pro se* [ECF No. 300] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the Government's [ECF No. 312] motion to dismiss.

Petitioner's motion to vacate alleges six grounds for relief including an allegation that he instructed his counsel to file a direct appeal despite having signed an appeal waiver at sentencing. Petitioner's signed appeal waiver [ECF No. 290] suggests Petitioner did not want to appeal. However, the Court is constrained by Petitioner's sworn statement that he requested that an appeal be filed anyway. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Under the mandates of *Poindexter* and the unique circumstances of this case, the Court sees little harm in forgoing an evidentiary hearing on this issue and granting Petitioner a belated appeal. Accordingly, for the reasons explained more fully below, the Court grants Petitioner's motion to vacate as to ground one only and grants Petitioner a belated appeal.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

**Procedural History and Factual Background**

On March 1, 2016, Petitioner was indicted in a one count indictment for conspiracy to defraud Federal farm assistance programs in violation of 18 U.S.C. § 371. [ECF No. 2]. On November 8, 2016, Petitioner was found guilty of count one after a two-day jury trial. Petitioner filed a motion for new trial, which was denied on April 13, 2017. Petitioner was sentenced to 46 months in prison on May 9, 2017. At sentencing, Petitioner signed a waiver of appeal indicating that he did not want to appeal. *See* [ECF No. 290]. Judgment was filed on May 10, 2017.

Petitioner filed the instant *pro se* motion to vacate on December 7, 2017.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United*

2

*States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges, among other things, ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir.

1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## Analysis

Petitioner's motion to vacate alleges six grounds for relief. In ground one, Petitioner alleges ineffective assistance of counsel "for not giving me my direct appeal rights." [ECF No. 300 at 4]. Petitioner states "I asked Mr. Anderson to help me file an appeal and he told me there was no need to file an appeal because by the time the appeal was reviewed, I would be home, so I may as well just serve the time." *Id*.

The government responds that, at the very least, Defendant was informed of his appellate rights and acknowledged that he understood those rights. The government does not address the claim that Petitioner asked his lawyer to help him file an appeal and his lawyer did not do as requested. The government also did not obtain or submit an affidavit from trial counsel for the Court's consideration to rebut Petitioner's claims.

The Fourth Circuit has concluded that "a criminal defense attorney's failure to file a notice of appeal when requested deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). This deprivation of the right to appeal

5

entitles Petitioner to relief under 28 U.S.C. § 2255. *See id.* The Fourth Circuit has further explained that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). "When counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *Id.* at 269 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

When the district court is presented with a scenario where a petitioner claims, under penalty of perjury, that he requested that his counsel file a notice of appeal, and there is conflicting evidence regarding whether the request was made, the court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. *See Peake*, 992 F.2d at 42; *see also Holmes v. United States*, No. 4:06-cr-1319-RBH, 2010 WL 1791256, at *1 (D.S.C. May 3, 2010); *Oliphant v. United States*, No. 3:08-70046-JFA, 2010 WL 3069491, at *2 (D.S.C. Aug. 3, 2010). This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(b) & (c).

Petitioner's statement that "I asked Mr. Anderson to help me file an appeal" appears to be an unequivocal request for an appeal. The Court is mindful of the waiver of appeal signed by Petitioner following his sentencing hearing. However, because Petitioner alleges under penalty of perjury that he instructed his attorney to file an appeal and his attorney did not do so, the Court grants in part Petitioner's motion to vacate only as to ground one, which alleges "ineffective assistance of counsel for not giving me my direct appeal rights." The Court will vacate the Petitioner's sentence of conviction and immediately reinstate and re-impose his conviction to permit

6

the Petitioner a renewed opportunity to seek a direct appeal. The remainder of the Petitioner's claims are dismissed without prejudice to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal. *See United States v. Killian*, 22 Fed. App'x 300, 300–01 (4th Cir. 2001).

Because a criminal defendant has a right to counsel throughout the direct appeal, the Court directs the Clerk to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

### Conclusion

The Court hereby **GRANTS IN PART** Petitioner's [ECF No. 300] motion to vacate only as to ground one on the issue of counsel's alleged failure to file a direct appeal when instructed to do so. Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court finds that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to appoint counsel. *See* 18 U.S.C. § 3006A. The government's [ECF No. 312] motion to dismiss is **DENIED**.

Based on the foregoing, it is **ORDERED** that the Petitioner's sentence is **VACATED** and the same judgment of conviction is **IMMEDIATELY RE-IMPOSED** and **REINSTATED** with the date of imposition of judgment being the filing date of this Order. The Clerk is directed to appoint counsel for the Petitioner to assist him with the pursuit of his direct appeal.

**IT IS FURTHER ORDERED** that the remaining claims raised in the Petitioner's [ECF No. 300] motion to vacate are **DISMISSED without prejudice** to the Petitioner's right to file another habeas motion, if necessary, after a direct appeal.

**IT IS SO ORDERED**.

July 11, 2018                                         s/ R. Bryan Harwell  
Florence, South Carolina                   R. Bryan Harwell  
                                                                                                         United States District Judge